MATTER OF CINTIOLI

In Visa Petition Proceedings

A-12555258

*Decided by District Director January 14, 1965*

Petition to accord beneficiary first preference classification under section 203 (a)(1), Immigration and Nationality Act, as amended, as an accordion maker, is denied since it has not been established that he possesses the specialized experience, as set forth in the clearance order, to make an entire Italian-type accordion by hand; to design, model and repair all types of accordions; and has 5 years' experience on Italian and other type accordions.

**Discussion:** The petitioner, Nunzio Music Center, 401 Franklin Avenue, Nutley, New Jersey, is engaged in the sale and repair of accordions, guitars and other musical instruments, and provides instructions in musical instruments. The petitioner maintains a laboratory in Montclair, New Jersey where electronic pick-ups and amplifiers are manufactured and adapted to accordions, guitars and organs. The business, established in 1946, has gross annual sales of $65,000, and employs a total of six persons including four musical instructors, one salesman and one engineer.

The petitioner is petitioning for the services of the beneficiary as an accordion maker. The duties of the position are described in the clearance order as follows: "Makes entire Italian type accordion by hand. Makes bellows and sets reeds in block. Designs, models and repairs all types of accordions. Also builds box section." The clearance order further specifies that the position requires a person who has five years experience on Italian and other type accordion and is literate. The sole document presented to establish the beneficiary's qualification is an affidavit from the beneficiary's father and three uncles, the Cintioli Brothers, who are manufacturers of accordians and reeds in Castelfidardo, Italy. The affidavit states that the beneficiary became apprenticed to the firm as a child and he learned the manufacturing phase of the business in two or three

years working during summer vacations and when not attending school and that he was a journeyman for about seven years prior to his departure to the United States in 1960. He is experienced in all phases of the construction and assembling of parts of accordions, design of equipment and tuning of instrument.

The petitioner was interviewed by an officer of this Service on December 8, 1964 and testified that he does not manufacture accordions but purchases them locally or imports them because it is cheaper. He advised that he primarily required the services of the beneficiary to engage in research work on remote wireless control amplifiers and the adaptation of electronic equipment to accordions.

The beneficiary is an unmarried, 23 year old native and citizen of Italy presently in the United States. He testified on December 8, 1964 that he only worked in the family's factory during summer vacations and when not attending school from 1948 to 1960; that he was never on the payroll; and that accordions were produced on assembly line and no one in the plant made the entire instrument. He graduated from high school in 1959; studied in England for four months during 1960 and was admitted to the United States as a nonimmigrant visitor on December 11, 1960. He received an associate in technology degree from the Technical Institute of Temple University, Philadelphia, Pennsylvania on February 13, 1964 after completion of a three-year course in electronics. Since that date he has been engaged as personal United States representative for the firm of Cintioli Brothers. He has not been employed by the petitioner.

In view of the foregoing, the petition must be denied since the beneficiary will not be performing the duties specified in the clearance order. Further, it has not been established that the beneficiary possesses the specialized experience as an accordion maker as contemplated by the statute.

ORDER: It is ordered that the petition to classify status of alien as first preference quota immigrant be, and the same is hereby denied.